IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br>vs<br>AGUSTIN DIAZ-GARCIA; MAYBETH VIVALDI-FERMOSO; AGUSTIN DIAZ-GARCIA, CSP; BUFETE DIAZ GARCIA, ABOGADOS Y NOTARIOS, CSP<br>Defendants | CIVIL 15-2034CCC |

**OPINION AND ORDER**

Before the Court is the unopposed Motion for Summary Judgment (**d.e. 15**) filed by plaintiff United States of America.

**I.    FACTUAL BACKGROUND**

This is a tax liability suit brought by plaintiff United States of America against defendants Agustín Díaz-García ("Díaz"); Maybeth Vivaldi-Fermoso ("Vivaldi"); Agustín Díaz-García, CSP ("ADG"); and Bufete Díaz-García, Abogados y Notarios, CSP ("BDG") for collection of unpaid federal taxes, statutory additions to tax assessed, and a permanent injunction.

It is alleged in the Complaint filed on July 29, 2015 (d.e. 2) that (1) Díaz and Vivaldi failed to file self-employment tax returns and to pay self-employment tax liabilities in the amount of $150,139.13; (2) Díaz failed to pay Federal Trust Fund Recovery penalties assessed against him in the amount of $36,708.43; (3) BDG as successor in liability of ADG failed to pay employment taxes in the amount of $154,329.37; (4) BDG as successor in liability of ADG failed to pay unemployment taxes in the amount of $61,246.45; and (5) BDG as successor in liability of ADG failed to pay penalties assessed  in the amount

CIVIL 15-2034CCC                              2

of $16,045.94.    Plaintiff seeks monetary payment in the aforementioned amounts, a declaration that BDG is the successor in liability of ADG, and requests that the Court permanently enjoin these defendants from continuing to accrue unpaid federal employment and unemployment taxes.

## II.    RULE 56(B) STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be entered where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 324-325 (1986).  Pursuant to the clear language of the rule, the moving party bears a two-fold burden: it must show that there is "no genuine issue as to any material facts;" as well as that it is "entitled to judgment as a matter of law."    Veda-Rodriguez v. Puerto Rico, 110 F.3d 174, 179 (1st Cir. 1997).  A fact is "material" where it has the potential to change the outcome of the suit under governing law.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is "genuine" where a reasonable jury could return a verdict for the nonmoving party based on the evidence.  Id.  Thus, it is well settled that "the mere existence of a scintilla of evidence" is insufficient to defeat a properly supported motion for summary judgment.  Id.  After the moving party meets this burden, the onus shifts to the non-moving party to show that there still exists "a trial worthy issue as to some material facts."   Cortes-Irizarry v. Corporacion Insular, 11 F.3d 184, 187 (1st Cir. 1997).

CIVIL 15-2034CCC                                    3

    If a defendant fails to file an opposition to the motion for summary judgment, the district court may consider the motion as unopposed and disregard any subsequently filed opposition. Velez v. Awning Windows, Inc., 375 F.3d 35, 41 (1st Cir. 2004). The Court must take as true any uncontested statements of fact. Id. at 41-42; see Local Rule of Procedure 311.12; see also Morales, 246 F.3d at 33 ("This case is a lesson in summary judgment practice . . . . [P]arties ignore [Rule 311.12] at their own peril, and . . . failure to present a statement of disputed facts, embroidered with specific citations to the record, justifies deeming the facts presented in the movant's statement of undisputed facts admitted.") (internal citations and quotations omitted); see also Euromodas, Inc. v. Zanella, Ltd., 368 F.3d 11, 14-15 (1st Cir. 2004).

### III.  DISCUSSION
####  A.  Monetary Relief (1)-(5)

    The United States has submitted Certificates of Assessment (IRS Form 4340), which are "entitled to a legal presumption of correctness." United States v. Fior D'Italia, Inc., 536 U.S. 238, 242, 122 S. Ct. 2117, 2122, 153 L. Ed. 2d 280 (2002). To rebut this presumption, defendants must present evidence that the assessment provided by the United States is incorrect. Mercado-Díaz, 2015 U.S. Dist. LEXIS 44373, at *16 (citing Delaney v. Comm'r of Internal Revenue, 99 F.3d 20, 23 (1st Cir. 1996)). Defendants have not opposed the Motion for Summary Judgment, nor otherwise rebutted the assessments which we find to be valid.

CIVIL 15-2034CCC                                4

### B. BDG is the Successor in Liability of ADG

State law governs the determination of successor liability. See Rodriguez v. Exec. Airlines, Inc., 180 F. Supp. 3d 129 (D.P.R. 2016). In Piñeiro v. Int'l Air Serv. Of P.R. Inc., 140 D.P.R. 343, 351-354 (1996), the Puerto Rico Supreme Court listed the elements as:

(1) whether there is substantial continuity of the same business activity with the same name involving production of the same products or rendering of the same services;

(2) use of the same facility for the company's operations;

(3) use of the same machinery and equipment;

(4) maintenance of the same managerial and supervisory personnel;

(5) employment of the same or substantially the same workforce;

(6) continued operation of the business during the transition period; and

(7) the predecessor's ability to provide a remedy to the prevailing plaintiff.

Rodriguez, at 135 (citing Piñeiro).

Based on the evidence, including the Statement of Undisputed Facts filed by movant United States (d.e. 15-2), the relevant admissions of defendant in the Answer to the Complaint (d.e. 12), and the declaration under penalty of perjury dated August 19, 2016 of Revenue Officer Carmen R. Cifredo (d.e. 15-3), and particularly Exhibits L, M, N, O and S received in a blue binder in chambers on August 23, 2016 subsequent to the filing of docket entry 16, the Court finds that all of the elements listed above have been met, and determines that Bufete Díaz-García, Abogados y Notarios, CSP ("BDG") is the successor in liability of Agustín Díaz-García, CSP ("ADG").

CIVIL 15-2034CCC                      5

## IV.   CONCLUSION

Having considered all relevant exhibits submitted (d.e. 16), the Cifredo Declaration and the Statement of Uncontested Facts in support of the Motion for Summary Judgment (**d.e. 15**), the same is hereby GRANTED. Accordingly, (1) defendants Agustín Díaz-García and Maybeth Vivaldi-Fermoso are hereby ORDERED to pay plaintiff United States of America $150,139.13 plus interest and other statutory additions that have accrued since August 3, 2015 on Counts I and II of the Complaint, (2) defendant Agustín Díaz-García is hereby ORDERED to pay the United States of America $36,708.43 as of August 3, 2015 for unpaid Trust Fund Recovery Penalties, plus interest and other statutory additions that will continue to accrue as provided by law on Count II of the Complaint; (3) BDG as successor in liability of ADG is hereby ORDERED to pay plaintiff United States of America $154,329.37 as of August 3, 2015 plus interest and other statutory additions that will continue to accrue on Counts IV and V of the Complaint; (4) BDG as successor in liability of ADG is hereby ORDERED to pay plaintiff United States of America $61,246.45 as of August 3, 2015 plus interest and other statutory additions that will continue to accrue on Counts VI and VII of the Complaint; and (5) BDG as successor in liability of ADG is hereby ORDERED to pay plaintiff United States of America $16,045.94 as of August 3, 2015 plus interest that will continue to accrue on Count VIII of the Complaint.

26 U.S.C. § 7402(a) provides that "[t]he district courts of the United States at the instance of the United States shall have such jurisdiction to make and issue . . . orders of injunction . . . as may be necessary or appropriate for the enforcement of the internal revenue laws."  Given Díaz and BDG (as successor in liability of ADG's) consistent, decade-long failure to report and file

CIVIL 15-2034CCC                          6

their employment and unemployment tax returns in violation of the Internal Revenue Code and Treasury Regulations, despite repeated warnings regarding their noncompliance, the Court finds that an injunction is "necessary and appropriate for the enforcement of internal revenue laws" as provided by section 7402. Accordingly, the United States' request for a permanent injunction is GRANTED. The Permanent Injunction will be entered by separate Order.

    SO ORDERED.

    At San Juan, Puerto Rico, on March 1, 2017.

    S/CARMEN CONSUELO CEREZO
    United States District Judge